UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 00-CV-80590

vs.

HON. GEORGE CARAM STEEH

JOHN SANDLES,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL
AND STRIKING DEFENDANT'S PRO SE MOTIONS FOR RECUSAL

Defendant John Sandles has filed three motions to recuse this Judge - the first was filed by his counsel (docket entry #352) - and the second two were filed by defendant appearing pro se (docket entries #355 and #358). Since Sandles is represented by counsel, his pro se motions for recusal shall be stricken and this court shall consider only the motion filed by counsel. Because this Judge is unbiased and can decide all matters filed in this case fairly and without prejudice, and can preside over the trial of this matter without any partiality towards the government, defendant's motion for recusal must be denied.

Sandles argues that this Judge has shown bias by allegedly telling Mr. Sandles at a status conference held on September 17, 2007, that it would not entertain any request for pretrial release, and by declaring that Sandles will remain in custody until there is a guilty plea or a trial of this case. Sandles, by and through his counsel, alleges that by informing the parties that it would not entertain a bond hearing, this Judge demonstrated that he has personal animus towards Sandles.

Nothing could be further from the truth. At the September 17, 2007 status conference, this court explained that it would not entertain a request for pretrial release because, "I have since that initial bond hearing, which has been a long, long time ago, and we had a trial, I heard evidence, I've seen and I have a firm idea about what happened in the case." This Judge further told Sandles that it would not hear his request to be released on bond because, "I am not an idiot. I had been on the bench sitting through the trial that we conducted earlier." This Judge assured Sandles that "[w]e will get your case tried as quickly as we can so that if found not guilty, you can then be released." No personal animus drove the court's refusal to entertain another bond hearing. It was this Judge's involvement in this proceeding alone, namely the adjudication of Sandles' earlier bond motions, and trial, and sentencing hearings, which determined that another request for pretrial release would be frivolous.

In Liteky v. United States, 510 U.S. 540, 556 (1984), the Supreme Court explained that in determining whether a Judge exhibited bias, "[a] judge's ordinary efforts at courtroom administration - even a stern and short tempered judge's ordinary efforts at courtroom administration - remain immune." The Liteky Court further stated that "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges sometimes display" do not prove "bias or partiality." Id. at 555-56. See Maurino v. Johnson, 210 F.3d 638 (6th Cir. 2000), cert. denied, 531 U.S. 979 (2000).

The Sixth Circuit has set forth an "objective" test to determine if judicial bias exists. United States v. Nelson, 922 F.2d 311, 319 (6th Cir. 1990), cert. denied, 499

U.S. 981 (1991). Under Nelson, a district judge must recuse himself or herself, "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Id. In order to show partiality, it must be "personal" or "extrajudicial" - in other words, it must stem from a source other than participation in the proceedings. Id. at 320. Personal prejudice arises from the judge's associations and background. Id. Extra-judicial bias arises from a source other than the proceedings which results in an opinion on the merits. Id. Defendant has not shown any personal or extra-judicial bias on the part of this Court. This Judge refused to entertain another request for pretrial release based on facts garnered from Sandles' first bond hearing and from the trial on the merits held in this case. No external association or extrajudicial source contributed to this Judge's refusal to entertain a frivolous motion.

Accordingly, defendant's motion to recuse this Judge (docket entry #352) hereby is DENIED.

The Clerk's Office is hereby ordered to STRIKE Sandles' pro se motions for recusal (docket entry #355 and #358) as he is represented by counsel.

IT IS SO ORDERED.


Dated: January 31, 2008

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 31, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk