UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

JOHN SANDLES,

          Defendant.

_____/

Case No. 00-CR-80590

HON. GEORGE CARAM STEEH

## ORDER DENYING ORAL MOTION TO RECONSIDER DEFENDANT'S REQUEST FOR BOND PENDING RETRIAL

On February 4, 2008, this court held a hearing on defendant John Sandles' motion to proceed pro se. At that hearing, this court allowed Sandles to make an oral motion for reconsideration of this court's denial of bond pending retrial. In support of his oral motion, defendant has submitted two pages of a twelve-page "Final Forensic Report" by Daniel S. Greenstein, Psychologist, dated June 7, 2001, and a "summary" internal assessment by Wayne County Jail State Psychologist Timothy Sprowl dated February 2, 2008. Defendant argues these reports demonstrate that he poses a minimal risk to the community if released and therefore is entitled to bond pending a retrial of bank robbery charges against him.

Dr. Greenstein's report was a result of this court's referral for evaluation in February 2001. Dr. Greenstein found that "[h]is current compliance with mental health services improves the quality of his functioning and may decrease the likelihood of engaging in impulsive violent behavior." Dr. Sprowl states that during the defendants' confinement he "has not proven to be a danger to himself or others" and "does not meet

the criteria for psychiatric hospitalizations."

This court has carefully considered the opinions of Dr. Greenstein and Dr. Sprowl and finds that they do not present the court with changed circumstances that might persuade this court that granting bail is proper. Defendant was first ordered detained on August 16, 2000 after being arrested on August 15, 2000 on a Complaint charging him with one count of unarmed bank robbery on or about February 3, 2000 in violation of 18 U.S.C. § 2113(a). Magistrate Judge Morgan ordered that defendant be detained as a flight risk and a danger to the community. She based her Order on her finding that defendant recently had been released from the custody of the Bureau of Prisons and had a lengthy criminal record. In fact, at the time of the bank robbery, defendant was on supervised release for a previous conviction of another bank robbery in Wisconsin. On September 6, 2000, October 17, 2001, and November 20, 2001, this court denied defendant's renewed motions that this court reconsider bail.

Detention under 18 U.S.C. § 3142(e) is warranted when the court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The factors to be considered are (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). Upon a careful review of these factors, the court finds that defendant's renewed request for release on bond pending his new trial must be denied.

First, the offense charged is bank robbery in violation of 18 U.S.C. § 2113(a)

which is a felony and carries maximum sentence of twenty years.  In accordance with his presentence investigation report, Sandles meets the criteria of Career Offender as the charge against him is a crime of violence and he has two prior felony convictions for crimes of violence.  Secondly, the weight of the evidence against Sandles is overwhelming.  In fact, Sandles was convicted at trial for the offense charged.  Although the case was overturned because the government failed to prove adequately that Michigan National Bank was insured by the FDIC, the evidence that Sandles was guilty of bank robbery remains.  Third, this court considers the history and characteristics of Sandles.  Most importantly, Sandles was on supervised release for another bank robbery at the time he allegedly committed the bank robbery he is charged with here.  In addition, he has a long and tortured history of criminal acts, including burglary.  Although Sandles has submitted psychological reports to support his claim that he is not a threat to the community, these reports are insufficient to overcome the fact that he stands charged of a violent crime which he committed while on supervised release.  Having carefully considered the new evidence submitted by Sandles, this court stands by its prior orders denying his requests for bond release pending new trial.

It is so ordered.

Dated:  February 5, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 5, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk